CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON A. JACKSON,<br>    Petitioner, | Civil Action No. 7:15-cv-00246 |
| v. | MEMORANDUM OPINION |
| L. FLEMING,<br>    Respondent. | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

Jason A. Jackson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the criminal judgment entered by the Circuit Court of Bedford County. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss and dismiss the petition.

I.

Two clerks, T. Miller and C. Martin, were working at a store in Bedford County on March 30, 2011, when Petitioner entered carrying a firearm and wearing gloves and a black knit cap with the eyes cut out. Petitioner motioned with the firearm for Martin, who was sweeping the floor, to get behind the counter where Miller was standing. Petitioner then pointed the firearm at Miller's head and said, "Give me the money. Don't make me shoot you." Miller, who could see bullets in the cylinder of the revolver, gave Petitioner the money from the cash register. Petitioner left the store and was arrested.

Petitioner pleaded guilty to using a firearm in the commission of robbery, being a felon in possession of a firearm and of ammunition, wearing a mask in public, and two robberies.[1] The Circuit Court of Bedford County imposed a fifty-year total term of incarceration with thirty years suspended.

---

[1] The Commonwealth had nolle prossed a second charge of using a firearm during a robbery.

Petitioner appealed to the Court of Appeals of Virginia and the Supreme Court of Virginia, claiming the evidence was insufficient to prove two robberies and that the trial court erred by denying Petitioner's motion to reconsider the sentences. On August 19, 2013, the Supreme Court of Virginia dismissed the sufficiency claim on procedural grounds and refused the sentencing claim on the merits.

Petitioner next filed a habeas corpus petition in the Supreme Court of Virginia, arguing that his guilty pleas were invalid, trial counsel was ineffective, and the second robbery conviction violated double jeopardy. The Supreme Court dismissed the petition after applying Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981), and Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), to the claims.[2]

Petitioner presents ten main claims in the timely-filed federal petition. All but one claim involve the argument that the second robbery conviction violates the Double Jeopardy Clause of the Fifth Amendment, and the other claim challenges the interpretation of a state law. Respondent filed a motion to dismiss, conceding that the claims are exhausted but arguing that the claims are either meritless or procedurally defaulted. I agree and grant the motion to dismiss.

## II.
### A.

At the heart of nine of ten claims is Petitioner's belief that the second robbery conviction constitutes double jeopardy. Petitioner believes that he committed only one robbery despite the fact two clerks were in the store. The Supreme Court of Virginia rejected all claims based on the double jeopardy argument as either waived by the guilty pleas pursuant to Anderson v. Warden,

---

[2] Anderson held that a defendant's testimony in support of an accepted guilty plea can preclude that defendant from challenging the voluntariness of the plea or counsel's performance before the plea. Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

222 Va. 511, 516, 281 S.E.2d 885, 888 (1981), or barred by Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974).

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.[3] 28 U.S.C. § 2254(d). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011).

The Supreme Court of Virginia's dismissal of claims pursuant to Anderson was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. In Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), the Supreme Court of the United States determined that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea,

---

[3] The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Petitioner did not present to the Supreme Court of Virginia more than conclusory allegations to attack the validity of his guilty pleas or waiver of defenses. In contrast, Petitioner testified during the plea hearing that he had enough time to talk to counsel about the charges and any possible defenses, had decided for himself to plead guilty because he was in fact guilty, had not been threatened or mistreated in any way, understood the punishment range for the offenses, understood he was waiving certain rights, and was satisfied with the services of his attorney.

Moreover, Petitioner's double jeopardy argument lacks merit. See, e.g., Blockburger v. United States, 284 U.S. 299, 304 (1932). Petitioner believes that he should have been convicted of only one robbery charge and one use of a firearm in the commission of robbery charge. Petitioner bases this belief on the facts he took money from only one clerk and that the other clerk was merely a bystander. "Where a multiple-punishment-for-single-offense claim of double jeopardy is made, the first inquiry ... is whether as a matter of legislative intent there are involved single or multiple offenses." Thomas v. Warden, Maryland State Penitentiary, 683 F.2d 83, 84 (4th Cir. 1982). If the claim is based on a state offense, federal courts are essentially bound by state court interpretations of state legislative intent. Id. at 85. Under Virginia law, separate robberies occur whenever (1) each victim has constructive possession of the stolen property and (2) each victim is subjected to the robber's intimidation. See Sullivan v. Commonwealth, 16 Va. App. 844, 848, 433 S.E.2d 508, 510-511 (1993) (en banc) (holding, for double jeopardy purposes, that the defendant "robbed each employee and, thus, committed two robberies" even though only one employee "physically surrendered money" to the defendant);

Clay v. Commonwealth, 30 Va. App. 254, 262, 516 S.E.2d 684, 687 (1999) (en banc) (affirming two robbery convictions where the robber took one victim's coat, which held another victim's money).

In this case, Petitioner took the cash at gunpoint in the presence of two store clerks. Based on the foregoing legal principles, Petitioner's convictions for two separate counts of robbery did not violate the Double Jeopardy Clause. Accordingly, counsel did not render ineffective assistance by not making this meritless argument.[4] See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Relatedly, Petitioner fails to establish either a fundamental miscarriage of justice or cause and prejudice to excuse the procedural default pursuant to Slayton. See, e.g., Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1320 (2012); Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991).

## B.

As for the one claim not involving double jeopardy, Petitioner also is not entitled to federal habeas relief. Specifically, Petitioner challenges the total sentence he received and the condition of supervised probation imposed for the suspended sentences. However, the length of the sentence is not a federal question since it involves the interpretation of state statutes and does not involve a federal constitutional issue. See, e.g., Slavek v. Hinkle, 359 F. Supp. 2d 473, 483 (E. D. Va. 2005) (noting a petitioner's challenge to a sentence outside of the discretionary state sentencing guidelines was not within federal habeas jurisdiction because it was a matter of state law). An ineffective assistance claim based on the sentencing claim is also meritless because the

---

[4] I note that counsel did ask for leniency for sentencing on the basis that only "one incident" had occurred even though it was considered to be two robberies.

5

Supreme Court of Virginia concluded that the sentences were lawfully imposed and within the trial court's discretion under Virginia Code § 19.2-303. Consequently, counsel could not have rendered ineffective assistance by not objecting to a lawful sentence. See, e.g., United States v. Cronic, 466 U.S. 648, 658 (1984).

### III.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 13th day of June, 2016.

Senior United States District Judge

6